UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Victoria L. Richardson, | Civil No. 24-cv-2637 (DWF/DJF) |
| Plaintiff, | |
| v. | ORDER |
| Jerone Ian Mitchell and MCD Holdings Ltd., | |
| Defendants. | |

This matter is before the Court on Plaintiff Victoria L. Richardson's Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application") (ECF No. 5). For the following reasons, the Court denies the IFP Application without prejudice.

First, Ms. Richardson did not sign the IFP Application. (*See id.* at 1.) Under Rule 11(a) of the Federal Rules of Civil Procedure, "[e]very pleading, written motion, and other paper must be signed … by a party personally if the party is unrepresented." Furthermore, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention." Ms. Richardson therefore must submit a signed application if she wants to proceed *in forma pauperis* ("IFP") in this action.

Second, the IFP Application lacks information that the Court needs in order to assess Ms. Richardson's request. "The central question [when assessing an application to proceed IFP] is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Justice*, 70 F.3d 1268,

1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948) (brackets added)); *Cox v. Comm'r of Dep't of Hum. Servs.*, No. 24-cv-1683 (JRT/DLM), 2024 WL 3071484, at *1 (D. Minn. June 20, 2024) (quoting *Ayers*-reliant caselaw). Ms. Richardson prepared the IFP Application on a form template, but left the first three pages—which ask for information about a litigant's income, employment history, and assets—completely blank. (*See* ECF No. 5 at 1–3.) Given this lack of information, the Court cannot determine whether Ms. Richardson can afford the costs of these proceedings.

The Court therefore denies the IFP Application. This denial is without prejudice—in other words, Ms. Richardson can reapply for IFP status if she wishes (and is willing to provide appropriate financial information). To assist with this, the Court will order the Clerk of Court to send Ms. Richardson a blank copy of the IFP application template.

If Ms. Richardson does not submit a new IFP application or pay this action's filing fee on or before **August 5, 2024**, the Court may recommend dismissing this matter without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff Victoria L. Richardson's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 5) is **DENIED** without prejudice.

2. Ms. Richardson must either (1) pay this action's filing fee, or (2) submit a new application to proceed *in forma pauperis* in this action on or before **August 5, 2024**. If she does neither, the Court may

2

recommend dismissing this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

3. The Clerk of Court shall send Ms. Richardson a copy of this District's template IFP application (i.e., Form AO 239).


Dated: July 15, 2024                           *s/ Dulce J. Foster*
                                               Dulce J. Foster
                                               United States Magistrate Judge